AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| LODGED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| 04/23/2021 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: ___AP___ DEPUTY |

| FILED |
| --- |
| CLERK, U.S. DISTRICT COURT |
| April 23, 2021 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: ___KC___ DEPUTY |

United States of America,

v.

Phelan Fleming,

Defendant.

Case No. 5:21-mj-00305

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of May 7, 2020 in the county of Riverside in the Central District of California, the defendant violated:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g)(1) | Possession of a Controlled Substance with Intent to Distribute, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Felon in Possession of Firearms and Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/S/
Complainant's signature

ATF Special Agent Joseph Nazareno
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: April 23, 2021

Judge's signature

City and state: Riverside, California

Hon. Sheri Pym, U.S. Magistrate Judge
Printed name and title

AUSA: John A. Balla (x6246)

**AFFIDAVIT**

I, Joseph Nazareno, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Phelan FLEMING ("FLEMING") for violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), Possession of a Controlled Substance with Intent to Distribute, 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and 18 U.S.C. § 922(g)(1), Felon in Possession of Firearms and Ammunition, on May 7, 2020.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Criminal Investigator, Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since January 2017. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), as such, I am empowered by law to

conduct investigations and make arrests for the offenses enumerated within the United States Code.

4.   I have attended the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, where I received training in federal laws and regulations. I also completed the Department of Homeland Security ("DHS") Criminal Investigator Training Program at FLETC I regularly refer to these laws and regulations during the course of my duties, and have participated in investigations, and the execution of search and arrest warrants for violations of these statutes.

5.   Prior to working for ATF, I was employed as a United States Probation & Pretrial Services Officer in the Eastern District of Wisconsin (Milwaukee) for two years.  In that capacity, I supervised individuals alleged to have committed federal crimes, and those convicted of violating federal law, including offenses related to firearms, controlled substances, financial fraud, and sex crimes.  I also worked as a United States Probation Officer in the Western District of Tennessee (Memphis) for four years as a presentence investigator and as a supervision officer.  During this time in Memphis, I also served as a certified Firearms Instructor, a Defensive Tactics Instructor, and a Search Enforcement Team member.

6.   I received a Bachelor of Arts degree in Psychology from the University of Dallas and a Master of Arts degree in Forensic Psychology from the Chicago School of Professional Psychology.

7.  I am currently assigned to the ATF Riverside Field Office in Riverside, California, where I conduct proactive criminal investigations, participate in the execution of arrest and search warrants, conduct undercover operations, and manage collateral duties within the office.

### III. STATEMENT OF PROBABLE CAUSE

**A.   May 7, 2020, Parole Search of FLEMING's Trailer**

8.  Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

   a.  On November 26, 2018, FLEMING was released on parole by the California Department of Corrections and Rehabilitation. As a condition of his release, FLEMING, his residence, and any property under his control were subject to search or seizure by any law enforcement officer with or without cause. His parole term expires on November 23, 2021.

   b.  On May 7, 2020, at approximately 2:50 a.m., an officer with the Hemet Police Department ("HPD") conducted a parole compliance check at FLEMING's parole address of record, a mobile home trailer located at the Hemet Valley RV Park, 525 North Gilbert Street, Space No. 32, Hemet, California. Upon arrival, the HPD officer contacted J.P. who was standing in the front door. While the HPD officer spoke with J.P., FLEMING approached the front door from within the kitchen area of the trailer. The officer asked FLEMING to exit the trailer and speak to the HPD officer. FLEMING complied, and the officer searched FLEMING. The officer found $550 in U.S. currency (1 x

$50 bill; 25 x $20 bill) in FLEMING's front left shorts pocket. After FLEMING was detained, the HPD officer searched the trailer and contacted C.A. inside the bedroom of the trailer.

      c.   Inside the trailer, the officer found:

         i.   One Smith & Wesson, .40 caliber, semiautomatic handgun (serial no. HRP7798), with a magazine prepared with seven live rounds of ammunition inserted, and one live round in the chamber – located on a stool in the kitchen/dining area from which FLEMING initially approached the officer;

        ii.   One CZ VZOR, .32 caliber handgun (serial no. 651918) – located in the bedroom, on the side of the bed;

       iii. One .32 caliber magazine, prepared with five live rounds of .32 caliber ammunition – located in a box next to the CZ VZOR firearm;

        iv.  One box of ammunition containing 15 live rounds of .32 caliber ammunition;

        v.   One frame/receiver of a SigSauer, .40 caliber, semiautomatic handgun (serial no. A620B03), with a magazine prepared with 12 live rounds of ammunition inserted – located under the dinette bench in the kitchen;

        vi.  One box of ammunition containing 49 live rounds of .40 caliber ammunition – located under a stool in the kitchen;

       vii. One box of ammunition containing 30 live rounds of .32 caliber ammunition – located under a stool in the kitchen;

    viii. One plastic bag containing 9 grams (total gross weight) of suspected cocaine – located on the kitchen table;

    ix. One plastic bag containing eight blue pills labelled "M30"[1] – located on the kitchen table;

    x. One digital scale – located on the kitchen table;

    xi. A plastic bag that had been stretched and ripped multiple times – located on the kitchen table; and

    xii. $1,886 in U.S. currency (94 x $20 bill; 1 x $5 bill; 1 x $1 bill) – located in a backpack in the bedroom.

  d. Law enforcement database inquiries showed that the Smith & Wesson, .40 caliber semiautomatic handgun (serial no. HRP7798) and the CZ VZOR .32 caliber handgun (serial no. 651918) were stolen.

  e. Officers took FLEMING to the HPD station, advised him of his Miranda rights, and interviewed him. FLEMING admitted to possessing the three firearms found within the home, providing details about how he acquired them and other details about the guns. FLEMING stated the cocaine and pills found within the home belonged to him and that he had them for personal use.

  9. Notwithstanding FLEMING's claim that he possessed the drugs for personal use, I believe that he possessed them intending to distribute them and that he possessed the firearms

---

[1] I know, from my training and experience, that blue M30 pills are often counterfeit Oxycodone pills laced with fentanyl.

5

in furtherance of his drug-trafficking activity, based on my training and experience and the following:

    a.   FLEMING had a large amount of cash on his person when HPD searched him, and there was an even larger amount of cash inside the trailer.  Drug trafficking is largely a cash business, and drug traffickers often have large amounts of cash on their person or in their homes.

    b.   Further, there was a digital scale near the cocaine and pills, and drug dealers often possess scales to weigh out controlled substances for their customers during deals.

    c.   There was also a ripped and stretched plastic bag near the scale, and drug traffickers will often rip a plastic bag to form bindles in which they package and sell drugs.

    d.   Finally, FLEMING possessed multiple firearms, and drug traffickers often possess firearms for protection.  Drug trafficking is a dangerous business because of the large amount of cash involved and because the drugs themselves are valuable.  Thus, drug traffickers are often robbed, and they often feel that they cannot seek help from law enforcement because doing so would entail admitting to their own criminal activity.  Drug traffickers therefore often possess firearms to protect themselves, their money, and their drugs.

**B.   March 17, 2021, Parole Search of FLEMING's Car and Trailer**

10.  Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

a.  On March 17, 2021, at approximately 6:40 p.m., HPD officers were on routine patrol in Hemet in a marked patrol unit when they saw a white 2013 Cadillac parked on North Elk Street.  Officers saw FLEMING seated in the driver's seat, and they knew him to be on parole based on prior encounters.  As officers positioned their vehicle behind the Cadillac, FLEMING quickly exited the car and walked away.  The officers ordered FLEMING to stop, and he was subsequently detained without incident.

b.  Officers conducted a parole search of the vehicle under FLEMING's parole conditions.  They found:

i.  One Polymer80 9mm caliber ghost gun, loaded with a magazine prepared with 27 live rounds of ammunition, and one live round in the chamber – located on the front passenger floorboard; and

ii.  FLEMING's California ID card – located on the front passenger seat.

c.  After the search, HPD officers arrested FLEMING.  Officers then responded to FLEMING's parole address at the Hemet Valley RV Park, 525 North Gilbert Street, Space No. 32, Hemet, to conduct another parole compliance search.  They found:

        i.    One H&K .45 caliber semiautomatic handgun (serial no. 25109013), loaded with a magazine prepared with 9 live rounds of ammunition, and one live round in the chamber – located in the bedroom, on the floor next to the bed;

        ii.    One EP Armory 9mm caliber semiautomatic rifle – located in the bedroom, on the floor next to the bed; and

        iii.  16 live rounds of 9mm ammunition – located in the living room area.

    d.    Law enforcement database inquiries showed that the H&K .45 caliber semiautomatic handgun (serial no. 25109013) was stolen.

    e.    Officers Mirandized FLEMING and interviewed him in the backseat of a patrol vehicle.  FLEMING denied knowledge of the firearm being in the vehicle, but he acknowledged that he was the sole resident of his trailer.

**C.**    **FLEMING's Criminal History**

11.    I reviewed certified conviction documents for FLEMING and determined he has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

    a.    On or about April 4, 2017, a violation of California Vehicle Code § 10851(a) (Take Vehicle Without Consent) in the Superior Court for the State of California, County of Riverside, Case Number BAF1700086;

    b.    On or about April 4, 2017, a violation of California Vehicle Code § 2800.2 (Evading Arrest) in the

Superior Court for the State of California, County of Riverside, Case Number BAF1700025; and

      c.    On or about April 4, 2017, a violation of California Penal Code § 459 (Burglary) in the Superior Court for the State of California, County of Riverside, Case Number BAF1700089.

    **D.**    **Drug Analysis**

    12.    On or about April 14, 2021, the seized drugs were tested at the Drug Enforcement Administration laboratory. A lab report identified one item as 7.25 grams (total net weight) of cocaine. The results for the suspected fentanyl pills are outstanding.

    **E.**    **Interstate Nexus**

    13.    An ATF interstate nexus expert examined the firearms and ammunition seized in this case and determined they were manufactured outside of the State of California.

### IV. CONCLUSION

    14.    For all the reasons described above, there is probable cause to believe that FLEMING has committed violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), Possession of a Controlled Substance with Intent to Distribute, 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking

Crime, and 18 U.S.C. § 922(g)(1), Felon in Possession of Firearms and Ammunition, on May 7, 2020.

Attested to by the applicant, ATF SA Joseph Nazareno, in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this ___23rd___ day of April 2021.

_____
HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE